UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case Nos. MC01-22-01ML |
| | : | MC04-55-01ML |
| CHARLES ETHIER | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on December 9, 2004, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant released on conditions pending my Report and Recommendation and final sentencing before District Judge Mary M. Lisi. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of thirty (30) months of incarceration (twelve (12) months on MC01-22 and eighteen (18) months on MC04-55 to be served consecutively) to be followed by a term of supervised release for a period of six (6) months on MC04-55, during which he shall participate in a substance abuse program as directed by the Probation Department, which program may include testing to determine whether the Defendant has reverted to the use of drugs. Finally, I recommend that Defendant be ordered to satisfy his outstanding fine balance of $930.00.**

## Background

On December 3, 2004, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On December 6, 2004, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant was promptly arrested and appeared in Court for a hearing on December 9, 2004. On December 9, 2004, Defendant knowingly and voluntarily admitted to the following charge and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on probation, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.**
>
> Between the dates of August 16, 2004, and September 2, 2004, the defendant committed the offenses of drug distribution and conspiracy to arrange for the delivery of steroids.

As the Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

## Recommended Disposition

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. Here, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a Defendant

whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for Class D and E felonies. Therefore, he may not be required to serve more than 2 years imprisonment upon revocation on the Class D felony and not more than one year imprisonment on the Class E felony.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years on the Class D felony and one year on the Class E felony.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense

punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant committed a Grade A violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In Case No. MC04-55, there is an outstanding fine amount of $930.00.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of IV in Case No. MC01-22, and a criminal history category of III in Case No. MC04-55 at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In Case No. MC01-22, Defendant committed a Grade A violation and has a Criminal History Category of IV. Therefore, the applicable range of imprisonment for this violation would be twenty-four to thirty months. However, the statutory

maximum that may be imposed on the violation is twelve months. In Case No. MC04-55, the applicable range of imprisonment for this violation is eighteen to twenty-four months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant is subject to supervision in two cases arising out of illegal steroid trafficking. In the first case (MC01-22), Defendant was sentenced to three years' probation in the District of Massachusetts and jurisdiction was later transferred to this District for purposes of supervision on March 12, 2001. Less than four months into his probation, Defendant was again arrested and charged with a steroid-related offense on March 27, 2001. This arrest apparently resulted in another federal steroid conviction and a state steroid conviction.

On May 1, 2002, District Judge Mary M. Lisi imposed a term of twenty-seven months' incarceration on the probation violation in the first case (MC01-22) to be served consecutively to a state court sentence of twenty-four months and concurrently with a six-month federal sentence imposed in the second case (MC04-55). District Judge Mary M. Lisi also imposed a term of twelve months of supervised release. Defendant was also subject to a term of three years of supervised release in the second case (MC04-55). Defendant's supervision in both cases commenced on May 27, 2004.

Again, upon release, Defendant promptly reverted to steroid trafficking. This time it took him only three months before he was violating his supervised release terms. At the sentencing hearing through his counsel and personally in a letter to me, Defendant indicated that the violation

was not an attempt by him to "get back in the business" but rather was a misguided effort to repay a "friend" who had assisted him after his release. Even if I credit Defendant's explanation, it carries little weight since Defendant's primary focus should have been on repaying his "debt" to society by successfully completing his term of supervised release rather than repaying a personal "debt" to a supposed "friend."

Defendant has readily admitted the violation and has accepted responsibility for what he characterizes as a "stupid and irresponsible decision." Defendant has been released on conditions for approximately six months awaiting sentencing and reportedly has been fully compliant, steadily and productively employed and has not, to this Court's knowledge, reverted to illegal activity. Finally, Defendant has attempted to cooperate with authorities.[1] Defendant should, and will, receive some credit from this Court for his recent positive behavior. Unfortunately, Defendant's positive attitude comes too late to save him from an additional term of incarceration. He has admitted to a Grade A violation which mandates revocation of his supervised release.

The Government acknowledged Defendant's cooperation and indicated that Defendant had already received some "credit" for that because his most recent infraction has been referred to the state for prosecution. The Government represented, without challenge from Defendant, that if Defendant were prosecuted federally for that offense, he would have been exposed to a potential sentence of seventy-seven to ninety-six months as a third-time offender. The Government also represented that his exposure will be much less on a state prosecution. The Government initially

[1] At the sentencing hearing, Defendant's counsel requested and was granted the opportunity to obtain and submit a letter in support of Defendant's claimed cooperation. As of the date of this Report and Recommendation, Defendant's counsel had not submitted such a letter. Because of the age of this matter, this Court believes that the best course of action is to issue the Report and Recommendation to move this case along and to suggest that Defendant present the letter to Judge Lisi for her consideration.

recommended a total term of thirty-six months with no supervised release to follow. The Government now proposes the statutory maximum of twelve (12) months on the first case (MC01-22) and a low-end sentence of eighteen (18) months on the second case (MC04-55) to be served consecutively. This would be followed by a term of six (6) months' supervised release on the second case.

Defendant proposes a total term of twelve (12) months on both cases with one-half of the term served in home confinement. Defendant also proposes a term of supervised release to follow of a length at the Court's discretion.[2]

While this Court commends Defendant for his recent positive behavior, it is somewhat easier to toe the line when you are awaiting sentencing. The real test is when Defendant is released on condition, and Defendant has failed that test on multiple occasions. Defendant has not yet fully satisfied his sentence for his original conviction. Defendant must satisfy that obligation as well as suffer a consequence for his recent violation. Defendant's proposed penalty does not suffice. This Court believes that the Government's reduced recommendation takes into account the positives noted above but also serves as an adequate punishment for Defendant's repeated noncompliance. This Court also notes that the total term of incarceration proposed is only three months longer than the term of incarceration he received in his first violation case.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of thirty (30) months of**

---

[2] Defendant also requests, for family reasons, that the Court recommend that he serve his sentence at Fort Devens. This Court offers no opinion on that request and defers to Judge Lisi.

**incarceration (twelve (12) months on MC01-22 and eighteen (18) months on MC04-55 to be served consecutively) to be followed by a term of supervised release for a period of six (6) months on MC04-55, during which he shall participate in a substance abuse program as directed by the Probation Department, which program may include testing to determine whether the Defendant has reverted to the use of drugs. Finally, I recommend that Defendant be ordered to satisfy his outstanding fine balance of $930.00.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
July 1, 2005